45D10-2012-CT-001199
Filed: 12/9/2020 8:10 AM
Clerk
Lake County, Indiana
Lake Superior Court, Civil Division 6
USDC IN/ND case 2:21-cv-00046-PPS-APR   document 1-1   filed 02/01/21   page 1 of 8

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE LAKE SUPERIOR COURT |
| | ) | |
| COUNTY OF LAKE | ) | CROWN POINT, INDIANA |

KATHLEEN MIKLAS, )
    Plaintiff, )
                     )
  vs. )     CAUSE NO:
                     )        45D10-2012-CT-001199
TARGET CORPORATION, )
    Defendant.

## COMPLAINT

NOW COMES the Plaintiff, KATHLEEN MIKLAS, by and through her Attorney, Frank A. Jury, and for her Complaint against the Defendant, TARGET CORPORATION, alleges and affirmatively states as follows:

1. That at all times relevant hereto, Plaintiff, KATHLEEN MIKLAS, was a resident of Hobart, Indiana.

2. That at all times relevant hereto, Defendant, TARGET CORPORATION, is a corporation doing business in the State of Indiana with a retail store location at 10451 Indianapolis Blvd, Highland, IN 46322, in Lake County, Indiana.

3. On or about January 2nd, 2019, Plaintiff was on the premises of the Defendant as an invited guest and patron. Plaintiff, KATHLEEN MIKLAS, is seventy-year-old woman who had finished shopping on the premises and was waiting at the front entry/exit door for her husband to pull up their vehicle on a cold January day. While standing near the door and looking out the glass window for her vehicle, she was suddenly struck in her right front forehead, by the inside automatic entry/exit door as it slid open for other patrons. The Plaintiff was nearly knocked unconscious and was held upright by concerned passing patrons. A store representative came over to make an incident report. The Plaintiff sustained bruising and contusions to her

EXHIBIT "1"

forehead, that resulted in pain and swelling in the area. The plaintiff sought and received medical treatment, but continues to suffer some lingering pain in her forehead and it is unclear when if ever, the pain will cease.

4. Defendant owed, plaintiff a duty of reasonable care to maintain their premises in a safe and hazard free condition. Defendant breached this duty of care owed to the Plaintiff and was negligent by creating and maintaining an unsafe and hazardous condition in the aforementioned area. Defendant knew or should have known that persons standing near their automatic door could be struck by it, causing injury. Other similar commercial stores, including some other Target store locations, provide barriers around the sliding doors, and or have sensors on the sliding doors to prevent them from striking and injuring patrons. In addition, the defendant did not have any visible warning signs advising its patrons not to stand near the automatic sliding door.

5. As a direct and proximate cause of the Defendants negligence the aforesaid plaintiff, KATHLEEN MIKLAS, was caused to suffer injuries and damages as stated herein, as well as pain and suffering, and has become liable for medical, hospital and doctor's expenses; and is enduring constant pain, discomfort and curtailment of activities, and has generally diminished the quality of the plaintiff's life.

**WHEREFORE**, plaintiff, **KATHLEEN MIKLAS**, prays for judgment against TARGET CORPORATION, for such sums as are reasonable, for costs of this action and for all other just and proper relief that this court deems just and appropriate.

## JURY DEMAND

Plaintiff demands trial by jury on all issues in this action.

Respectfully Submitted,

_____
Attorney for Plaintiff
FRANK A. JURY #21182-64
235 W. US Hwy 30
Valparaiso, IN 46385
219-531-9260

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE LAKE SUPERIOR COURT |
| | ) SS: | CIVIL DIVISION, ROOM SIX |
| COUNTY OF LAKE | ) | SITTING AT CROWN POINT, INDIANA |

| | |
|---|---|
| KATHLEEN MIKLAS, ) |  |
| ) |  |
| Plaintiff, ) | CAUSE NO. 45D10-2012-CT-001199 |
| ) |  |
| TARGET CORPORATION, ) |  |
| ) |  |
| Defendant. ) |  |

## DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

COMES NOW Defendant, Target Corporation, by and through its attorneys, Edward W. Hearn and Catherine A. Breitweiser-Hurst of JOHNSON & BELL, P.C., and for its Answer to Plaintiff's Complaint, state as follows:

1. That at all times relevant hereto, Plaintiff, KATHLEEN MIKLAS, was a resident of Hobart, Indiana.

**ANSWER:** Defendant is without sufficient information to admit or deny the allegations in Paragraph 1 of Plaintiff's Complaint.

2. That at all times relevant hereto, Defendant, TARGET CORPORATION, is a corporation doing business in the State of Indiana with a retail store location at 10451 Indianapolis Blvd, Highland, IN 46322, in Lake County, Indiana.

**ANSWER:** Defendant admits the allegations in Paragraph 2 of Plaintiff's Complaint.

3. On or about January 2", 2019, Plaintiff was on the premises of the Defendant as an invited guest and patron. Plaintiff, KATHLEEN MIKLAS, is seventy-year-old woman who had finished shopping on the premises and was waiting at the front entry/exit door for her husband to pull up their vehicle on a cold January day. While standing near the door and looking out the glass window for her vehicle, she was suddenly struck in her right front forehead, by the inside automatic entry/exit door as it slid open for other patrons. The Plaintiff was nearly knocked unconscious and was held upright by concerned passing patrons. A store representative came over to make an incident report. The Plaintiff sustained bruising and contusions to her forehead, that resulted in pain and swelling in the area. The plaintiff sought and received medical treatment, but continues to suffer some lingering pain in her forehead and it is unclear when if ever, the pain will cease.

**ANSWER:** Defendant denies the allegations in Paragraph 3 of Plaintiff's Complaint.

4.     Defendant owed, plaintiff a duty of reasonable care to maintain their premises in a safe and hazard free condition. Defendant breached this duty of care owed to the Plaintiff and was negligent by creating and maintaining an unsafe and hazardous condition in the aforementioned area. Defendant knew or should have known that persons standing near their automatic door could be struck by it, causing injury. Other similar commercial stores, including some other Target store locations, provide barriers around the sliding doors, and or have sensors on the sliding doors to prevent them from striking and injuring patrons. In addition, the defendant did not have any visible warning signs advising its patrons not to stand near the automatic sliding door.

**ANSWER:** **Defendant admits to the duties imposed by the laws of the State of Indiana. Defendant denies the remainder of the allegations in Paragraph 4 of Plaintiff's Complaint.**

5.     As a direct and proximate cause of the Defendants negligence the aforesaid plaintiff, KATHLEEN MIKLAS, was caused to suffer injuries and damages as stated herein, as well as pain and suffering, and has become liable for medical, hospital and doctor's expenses; and is enduring constant pain, discomfort and curtailment of activities, and has generally diminished the quality of the plaintiffs life.

**ANSWER:** **Defendant denies the allegations in Paragraph 5 of Plaintiff's Complaint.**

WHEREFORE, Defendant, Target Corporation, prays that Plaintiff take nothing by the Complaint, for Judgment in favor of Defendant and against Plaintiff, and for all other just and proper relief.

Respectfully submitted,

**JOHNSON & BELL, P.C.**

By: */s/ Edward W. Hearn*
Edward W. Hearn, #18691-64
Catherine A. Breitweiser-Hurst, #26779-45
8488 Georgia St., Suite A
Merrillville, IN  46410
(219) 791-1900 - Phone
(219) 791-1901 - Fax
hearne@jbltd.com
breitweiserhurstc@jbltd.com

2

## DEFENDANT'S AFFIRMATIVE DEFENSES

## LEGAL PARAGRAPH I

COMES NOW Defendant, Target Corporation, by counsel, Edward W. Hearn and Catherine Breitweiser-Hurst of JOHNSON & BEll, P.C., and for Affirmative Defense of Answer to Plaintiff's Complaint for Damages, states as follows:

1. That any allegations in Plaintiff's Complaint not hereinbefore specifically admitted or denied, are now specifically denied.

WHEREFORE, Defendant prays that Plaintiff take nothing by the Complaint, for Judgment in favor of Defendant and against Plaintiff, and for all other just and proper relief in the premises.

## LEGAL PARAGRAPH II

COMES NOW Defendant, Target Corporation, by counsel, Edward W. Hearn and Catherine Breitweiser-Hurst of JOHNSON & BEll, P.C., and for Affirmative Defense of Answer to Plaintiff's Complaint, states as follows:

1. Defendant denies the proximate cause of the incident as set out in the Plaintiff's Complaint, and any alleged injuries or damages claimed by the Plaintiff.

WHEREFORE, Defendant prays that Plaintiff take nothing by the Complaint, for judgment in favor of Defendant and against the Plaintiff, and for all other just and proper relief in the premises.

## LEGAL PARAGRAPH III

COMES NOW Defendant, Target Corporation, by counsel, Edward W. Hearn and Catherine Breitweiser-Hurst of JOHNSON & BEll, P.C., and for Affirmative Defense of Answer to Plaintiff's Complaint, states as follows:

1.The fault of the Plaintiff was the sole proximate cause of the injuries and damages claimed in Plaintiff's Complaint.

2.Only the Plaintiff is at fault in causing the claimed injuries and damages, if any.

3.Plaintiff's fault includes Plaintiff negligence, incurred risk, assumed risk, failure to avoid injury, and other conduct constituting "fault" under the Indiana Comparative Fault Act.

4.Plaintiff's contributory fault is greater than the fault of all persons whose fault allegedly proximately contributed to the Plaintiff's claimed injuries, if any.

5.Plaintiff's own fault is greater than fifty (50%) percent of the total fault involved in the incident referred to in Plaintiff's Complaint.

WHEREFORE, Defendant prays that Plaintiff take nothing by the Complaint or that in the event the trier of fact determines Plaintiff is entitled to any compensatory damages, Defendant prays that the award to the Plaintiff be reduced and diminished in proportion to the percentage that the Plaintiff's fault bears to the total fault involved in the incident, and for all other just and proper relief in the premises.

### **LEGAL PARAGRAPH IV**

COMES NOW Defendant, Target Corporation, by counsel, Edward W. Hearn and Catherine Breitweiser-Hurst of JOHNSON & BEll, P.C., and for Affirmative Defense of Answer to Plaintiff's Complaint, states as follows:

1.Plaintiff's claimed injuries and damages, if any, were caused by an open and obvious danger.

2.Defendant had no duty toward the Plaintiff with respect to such open and obvious danger.

3. Defendant cannot be charged with liability based upon alleged fault where Plaintiff's claim injury and/or damage arising from an encounter with an open and obvious danger.

WHEREFORE, Defendant prays that the Plaintiff take nothing by the Complaint, for Judgment in favor of Defendant and against the Plaintiff, and for all other just and proper relief in the premises.

## JURY DEMAND

COMES NOW Defendant, Target Corporation by counsel, Edward W. Hearn and Catherine A. Breitweiser-Hurst of Johnson & Bell, P.C., and demands trial by jury as to all issues of fact.

Respectfully submitted,

**JOHNSON & BELL, P.C.**

By: */s/ Edward W. Hearn*
Edward W. Hearn, #18691-64
Catherine A. Breitweiser-Hurst, #26779-45
8488 Georgia St., Suite A
Merrillville, IN  46410
(219) 791-1900 - Phone
(219) 791-1901 - Fax
hearne@jbltd.com
breitweiserhurstc@jbltd.com

## CERTIFICATE OF SERVICE

I certify that on January 12, 2021, I electronically filed the foregoing document using the Indiana E-filing System (IEFS) and that the foregoing document was served upon each party or attorney of record via IEFS.

Frank A. Jury
ATTORNEY AT LAW
235 W.US Hwy.30
Valparaiso, IN 46385
attyjury@hotmail.com

*/s/  Edward W. Hearn*
Edward W. Hearn Attorney at Law

5