UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| KATHLEEN MIKLAS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:21-cv-46 |
| | ) |
| TARGET CORPORATION, | ) |
| | ) |
| Defendants. | ) |

**OPINION AND ORDER**

This matter is before the court on the Motion for Summary Judgment [DE 40] filed by the defendant, Target Corporation, on October 20, 2022. For the following reasons, the motion is **GRANTED**.

*Procedural Background*

The plaintiff, Kathleen Miklas, initiated this matter in Indiana state court on December 9, 2020, against the defendant, Target Corporation (Target). The complaint alleged that while visiting a Target store in Highland, Indiana on January 2, 2019, Miklas was struck in the head by Target's automatic entry/exit door, resulting in injuries. The plaintiff asserts that her injuries were a direct result of Target's negligence. On February 21, 2021, this case was removed to federal court. On October 20, 2022, the defendant filed the instant motion for summary judgment [DE 40]. The plaintiff filed her response [DE 43] on December 14, 2022, and the defendant replied [DE 46] on January 12, 2023.

The parties filed forms of consent to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Therefore, this court has jurisdiction to decide this case pursuant to **28 U.S.C. § 636(c)**.

*Undisputed Material Facts*

The following material facts are not in dispute. On January 2, 2019, the plaintiff went shopping at a Target store in Highland, Indiana. When finished, the plaintiff stood adjacent to the outer exit automatic sliding door and waited for her husband to arrive. While standing near the exit door, the plaintiff was hit by the automatic sliding door after it opened, striking her in her right front forehead.

The plaintiff had shopped at the Highland Target before the incident and had an opportunity to see the automatic doors open and close on a number of occasions. There was a warning sign near the automatic door that the plaintiff did not see. There is no evidence in the record indicating that the automatic doors were defective or malfunctioning on the date of the incident.

*Discussion*

Pursuant to **Federal Rule of Civil Procedure 56(a)**, summary judgment is proper only if it is demonstrated that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." **Celotex Corp. v. Catrett**, 477 U.S. 317, 322–23 (1986); **Garofalo v. Vill. of Hazel Crest**, 754 F.3d 428, 430 (7th Cir. 2014); **Kidwell v. Eisenhauer**, 679 F.3d 957, 964 (7th Cir. 2012); **Stephens v. Erickson**, 569 F.3d 779, 786 (7th Cir. 2009). A fact is material if it is outcome determinative under applicable law. The burden is upon the moving party to establish that no material facts are in genuine dispute, and any doubt as to the existence of a genuine issue must be resolved against the moving party. **Adickes v. S.H. Kress & Co.**, 398 U.S. 144, 160 (1970); **Stephens**, 569 F.3d at 786.

When the movant has met its burden, the opposing party cannot rely solely on the allegations in the pleadings but must "point to evidence that can be put in admissible form at trial, and that, if believed by the fact-finder, could support judgment in [her] favor." **Marr v. Bank of**

*America, N.A.*, 662 F.3d 963, 966 (7th Cir. 2011); *see also* **Steen v. Myers**, 486 F.3d 1017, 1022 (7th Cir. 2007) (quoting **Hammel v. Eau Galle Cheese Factory**, 407 F.3d 852, 859 (7th Cir. 2005) (summary judgment is "the put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of the events.")). The non-moving party cannot rely on conclusory allegations. **Smith v. Shawnee Library System**, 60 F.3d 317, 320 (7th Cir. 1995). Failure to prove an essential element of the alleged activity will render other facts immaterial. *Celotex*, 477 U.S. at 323; **Filippo v. Lee Publications, Inc.**, 485 F. Supp. 2d 969, 972 (N.D. Ind. 2007) (the non-moving party "must do more than raise some metaphysical doubt as to the material facts; she must come forward with specific facts showing a genuine issue for trial").

In viewing the facts presented on a motion for summary judgment, a court must construe all facts in a light most favorable to the non-moving party and draw all legitimate inferences in favor of that party. **Anderson v. Liberty Lobby, Inc.**, 477 U.S. 242, 248 (1986); **McDowell v. Vill. of Lansing**, 763 F.3d 762, 764-65 (7th Cir. 2014). The trial court must determine whether the evidence presented by the party opposed to the summary judgment is such that a reasonable jury might find in favor of that party after a trial. *Anderson*, 477 U.S. at 248; **Cung Hnin v. Toa, LLC**, 751 F.3d 499, 504 (7th Cir. 2014); **Wheeler v. Lawson**, 539 F.3d 629, 634 (7th Cir. 2008).

In order to prevail on a negligence claim in Indiana, the plaintiff must show that (1) a duty was owed to her by Target; (2) that duty was breached because Target's conduct fell below the applicable standard of care; and (3) the breach proximately caused her injuries. *See* **Harradon v. Schlamandinger**, 913 N.E.2d 297, 300 (Ind. Ct. App. 2009). At trial, the plaintiff bears the burden of proving that there was negligence, and "[n]egligence will not be inferred; rather, specific factual evidence, or reasonable inferences that might be drawn therefrom, *on each element* must be

designated to the trial court. However, an inference is not reasonable when it rests on no more than speculation or conjecture." *Hayden v. Paragon Steakhouse*, 731 N.E.2d 456, 458 (Ind. Ct. App. 2000) (citing *Miller v. Monsanto Co.*, 626 N.E.2d 538, 541 (Ind. Ct. App. 1993)); *Midwest Commerce Banking Co. v. Livings*, 608 N.E.2d 1010, 1012 (Ind. Ct. App. 1993)). Accordingly, "negligence cannot be inferred from the mere fact of an accident, absent special circumstances." *Hale v. Cmty. Hosp. of Indianapolis, Inc.*, 567 N.E.2d 842, 843 (Ind. Ct. App. 1991); *see also Ogden Estate v. Decatur Cnty. Hosp.*, 509 N.E.2d 901, 903 (Ind. Ct. App. 1987) ("Falling and injuring one's self proves nothing. Such happenings are commonplace wherever humans go."). "Similarly, causation may not be inferred merely from the existence of an allegedly negligent condition." *Midwest Commerce Banking*, 608 N.E.2d at 1013.

As a Target customer, the plaintiff was a "business visitor," that is, "a person who is invited to enter or remain on land for a purpose directly or indirectly connected with business dealings with the possessor of the land." *Burrell v. Meads*, 569 N.E.2d 637, 642 (Ind. 1991) (quoting **Restatement (Second) of Torts § 332 (1965)**). Target, as the landowner, owed "the highest duty of care to an invitee, that duty being to exercise reasonable care for the invitee's protection while [she] is on the premises." *Christmas v. Kindred Nursing Centers Ltd. P'ship*, 952 N.E.2d 872, 880 (Ind. Ct. App. 2011). Target is therefore subject to liability for physical harm caused to its invitees by a condition on the land if, but only if, [it:]

    (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and

    (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and

    (c) fails to exercise reasonable care to protect them against the danger

4

*Burrell*, 569 N.E.2d at 639-40 (quoting **Restatement (Second) of Torts § 343 (1965)**); *see also, e.g., Harradon*, 913 N.E.2d at 301.

Nevertheless, Target is not liable to "invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness." **Restatement § 343, cmt. a**. A condition to land or premises is "known" under Section 343A if the plaintiff is both aware of the condition and appreciates its danger. **Restatement § 343A, cmt. b**. Additionally, a condition is "obvious" under Section 343A if both the condition and the risk are apparent to, and would be recognized by, a reasonable person in the position of the visitor exercising ordinary perception, intelligence, and judgment. **Restatement § 343A, cmt. b**.

In the present case, Target argues that it is entitled to summary judgment because the plaintiff has not presented any evidence that the automatic sliding door created an "unreasonable risk of harm" or that the door was defective when it struck her. Additionally, Target contends that the plaintiff failed to establish that it should have expected that its customers would fail to recognize or protect themselves against the condition presented by the sliding of automatic doors when they open. Consequently, Target asserts that the plaintiff cannot meet her burden of establishing a breach of duty, and summary judgment should be granted in the defendant's favor.

In response, the plaintiff argues that the danger associated with the automatic sliding door was not known to her because she reasonably believed that the door's sensors would stop it from hitting her. The plaintiff contends that a trier of fact should be allowed to determine the reasonableness of this belief. Moreover, the plaintiff asserts that Target's loss prevention team should have warned her about the dangers associated with where she was standing. As such, the plaintiff claims a genuine issue of material facts exists whether Target's employees had an

5

opportunity to observe the plaintiff in a "dangerous zone" near the door and should have warned her about the risk of harm.

Regardless of the plaintiff's subjective perception, whether the automatic door constituted an "obvious" danger is analyzed under a reasonable person standard. *See* **Restatement § 343A, cmt. b**. In other words, the pertinent question is whether any risk associated with the automatic door would be recognized by a reasonable person in the plaintiff's position exercising ordinary perception, intelligence, and judgment. *Id.* In accordance with this standard, a reasonable person entering or exiting a business generally expects to see automatic doors and understand how they operate. Automatic doors are not an anomaly in retail stores and supermarkets today. Consequently, a reasonable person in the plaintiff's position would recognize the dangers of automatic doors triggered by sensors.

The plaintiff contends that she did not recognize the danger posed by the automatic door while standing adjacent to it, reasoning that she believed the sensors would prevent the doors from hitting her. However, the plaintiff has not identified any characteristic, such as a defect or malfunction, that would have eliminated the obviousness of the traditional function and horizontal movement of the automatic doors. Business owners can expect their patrons to know how to navigate through or avoid being hit by automatic doors, absent a characteristic such as a flawed track or malfunction. *See* ***Weaver v. Speedway, LLC***, No. 2:19-CV-41 JEM, 2021 WL 1578821 at *4 (N.D. Ind. April 22, 2021) (where the plaintiff contested the obviousness of a curb that she tripped over causing injury, the court nevertheless held that "curbs themselves are everyday occurrences, of which landowners can expect invitees to both see and know how to navigate absent a characteristic such as a crack or a distraction to the invitee.").

The fact that the plaintiff was standing adjacent to the automatic door does not negate the

obviousness of the risk associated with the door or in any way render the door's trajectory a surprise. Target provided still images of the plaintiff both entering and exiting the store earlier in the day without any issue. Indeed, the plaintiff conceded that she had shopped at the Highland Target store at issue in the past without incident. Accordingly, a customer of reasonable prudence would understand the risk associated with standing adjacent to automatic doors, and Target had no reason to anticipate that the plaintiff would not protect herself against it.

Moreover, Target provided a photo of a warning sign on the glass sliding door in the area the plaintiff was standing labeled "Automatic Door- Stand Back." The plaintiff unpersuasively attempts to undercut the significance of this fact by citing to the Indiana Supreme Court's decision in **Roumbos v. Samuel G. Vazanellis & Thiros & Stracci**, *PC*, 95 N.E.3d 63 (Ind. 2018). In **Roumbos**, the plaintiff sustained injuries after she allegedly tripped on cords lying on a hospital floor. *Id.* at 64. After a law firm missed the deadline to file a premises liability action against the hospital on her behalf, the plaintiff brought action against the firm for malpractice. *Id.* The law firm raised the same defense the hospital would have asserted – "that the hospital did not breach its duty under premises-liability law because Plaintiff's fall was caused by a known or obvious condition: the wires and cords lying on the floor on which she allegedly tripped." *Id.* The trial court granted the law firm's motion for summary judgment, and the Court of Appeals reversed. *Id.* at 65. The Supreme Court of Indiana granted transfer and held that the trial court erred in granting summary judgment for the law firm. *Id.*

Notably, the Supreme Court held that "[w]hether the wires generally, or the phone cord specifically, were obvious because they would have been apparent to a reasonable person under the circumstances is a disputed issue of material fact on this record that precludes summary judgment." *Id.* at 68. The court found that a material factual dispute existed as to the obviousness

of the wires (whether or not the wires were obstructed from view), and whether the plaintiff herself even observed the wires until after she had fallen. *Id.* at 67.

Contrary to the plaintiff's assertion, **Roumbos** is easily distinguishable from the present case. Unlike cords lying on a hospital floor, which could be obstructed by furniture and hospital equipment, an automatic door is an obvious condition to any patron of a business. Moreover, the facts in **Roumbos** are devoid of any indication of a warning sign being present, unlike the undisputed facts in the instant case. Construing all inferences in favor of the plaintiff (that she did not see the warning sign) does not change the analysis from what a reasonable customer would have seen standing near the door. *See* **Couvillion v. Speedway LLC**, 673 Fed. App'x 558, 559 (7th Cir. 2016).

Lastly, the plaintiff claims that Target's Loss Prevention Team should have warned her about the dangers associated with where she was standing and that their failure to do so constituted a breach of duty of care. However, as previously discussed "a landowner 'is not liable for injuries that are caused by conditions that are known or obvious unless the landowner can anticipate that injury despite the obviousness of the risk.'" **Crisp v. I/N Tek, L.P.**, No. 3:05–CV–371, 2008 WL 222287, at *1 (N.D. Ind. Jan. 25, 2008) (quoting **Carter v. American Oil Co.,** 139 F.3d 1158, 1164 (7th. Cir.1998). Here, there is no indication that other Target customers have sustained a similar injury by the automatic doors in the past. *See, e.g.,* **Ozinga Transp. Sys. v. Michigan Ash Sales, Inc.**, 676 N.E.2d 379 (Ind. Ct. App. 1997) (affirming that a property owner was not liable because it could not have informed plaintiff of any facts of which he was not already aware).

After construing all facts in the light most favorable to the plaintiff and drawing all reasonable inferences in her favor, the court finds that the defendant has met its burden on summary judgment. No reasonable jury could conclude that the defendant would expect that an

invitee would fail to recognize any danger posed by a properly functioning automatic door, fail to appreciate the warning sign labeled "Automatic Door – Stand Back", or fail to take reasonable precautions to protect herself against the normal operations of an automatic door.

Based on the foregoing reasons, the defendant's Motion for Summary Judgment [DE 40] is **GRANTED.**

ENTERED this 15th day of February, 2023.

/s/ Andrew P. Rodovich
United States Magistrate Judge